IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALAN LAVERTE WAY

    v.

UNITED STATES OF AMERICA

:

:

:    Civil Action No. DKC 07-2183
              Criminal Case No. DKC 02-0210

:

:

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion of Petitioner Alan Laverte Way to vacate, set aside, or correct his sentence. (ECF No. 116). The issues are briefed and the court now rules. For the reasons that follow, the motion will be denied.

**I.  Background**

Petitioner Alan Way presently faces two separate but related prison sentences. At the time of his sentencing in this case, Way had already received a 30-year sentence for possession with intent to distribute cocaine base and felon in possession of a firearm.[1] In this action, Way attempts to challenge a 30-year sentence he received for conspiracy to commit murder,

_____

[1] The court previously dismissed Way's motion under Section 2255 attacking that sentence.

attempt to kill an officer of the United States Government, and solicitation to commit a crime of violence.

A jury convicted Way of the above three counts on July 25, 2003.  On October 20, 2003, this court sentenced Way to 360 months on count one (conspiracy to commit murder) and 240 months on the other two counts.  The court also ordered that the counts would run consecutive to the sentence already imposed in the prior, related case.  *See United States v. Way*, Criminal No. DKC 02-048 (D.Md.).  Way appealed (with help from counsel), arguing that the jury should have been instructed on entrapment and that Way should have received a downward departure from his Guidelines range.  On July 14, 2004, however, the Fourth Circuit affirmed.  *United States v. Way*, 103 F.App'x 716 (4th Cir. 2004). No petition for writ of certiorari was filed.

In September 2005, Way filed filed a motion asking the court to appoint him counsel in both this action and the prior action.  (ECF No. 113).  In an order dated December 2, 2005, this court denied that motion and explained, "Inasmuch as there are no matters before this court in this criminal case as to which the plaintiff would need counsel, the motion in this case will be denied." (ECF No. 114).[2]  The court received no further

---

[2]  The court also noted that the clerk had mistakenly docketed the motion as a petition under Section 2255.  The order

2

correspondence or contact from Way concerning this case for almost two years.

Then, in a petition dated August 9, 2007, Way challenged his sentence under Section 2255. (ECF No. 116). The petition evidently concedes its facial untimeliness, but suggests that the applicable one-year statute of limitations should be equitably tolled because Way's attorney "duped" him into believing that a petition would be filed on his behalf. The court then ordered the government to respond to Way's arguments – particularly the equitable tolling issue. (ECF No. 117). The order also permitted Way 30 days to file a reply.[3] The government responded on February 21, 2008. (ECF No. 124). Way did not file a reply.

## II. Standard of Review

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by

_____

explained that, while there was a Section 2255 petition pending in case No. 02-048, there was "no matter" pending in this case.

[3]     The order satisfies the notice requirement outlined in *United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir. 2008).

law." A pro se movant such as Way is of course entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978). But if the Section 2255 motion, along with the files and records of the case, conclusively shows that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255(b).

## III. Analysis

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on Section 2255 petitions brought by federal prisoners. To be timely, a federal prisoner must file any motion to vacate, set aside, or correct his sentence within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have

4

> been discovered through the exercise of due
> diligence.

28 U.S.C. § 2255(f). The only date relevant to this case is the first one – the date on which the judgment of conviction became final. "Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003); *accord United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004). The Fourth Circuit affirmed Way's conviction on July 14, 2004. He then had 90 days, until October 12, 2004, to file a petition for writ of certiorari. 28 U.S.C. § 2101(c). Because he did not, the one-year limitations period expired on October 12, 2005. Thus, Way's petition under Section 2255 comes almost two years after the expiration of the limitations period.

Way asks this court to equitably toll the limitations period. Because AEDPA's "limitations provisions . . . do not speak in jurisdictional terms or refer in any way to the jurisdiction of district courts[,] . . . § 2255's limitation period is subject to equitable modifications such as tolling." *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (quotation marks omitted). The Fourth Circuit has emphasized, that the doctrine is to be applied in only limited circumstances. *See Sosa*, 364 F.3d at 512 (explaining that

equitable tolling is only available in "rare instances");
*Prescott*, 221 F.3d at 688 (characterizing equitable tolling as
an "extraordinary remedy" that is only "sparingly granted"); *see
also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)
(stating, in Section 2254 context, that "rarely will
circumstances warrant equitable tolling"). To justify invoking
this exceptional relief, Way must demonstrate "(1) extraordinary
circumstances, (2) beyond his control or external to his own
conduct, (3) that prevented him from filing on time." *Sosa*, 364
F.3d at 512 (quotation marks omitted). Importantly, Way must
also demonstrate that he pursued his rights diligently. *Green
v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008).

Way maintains that he presents exceptional circumstances
resulting from his counsel's error. In particular, in his sworn
Section 2255 petition, he states that he sent counsel a letter
instructing him to file both a petition for a writ of certiorari
and a Section 2255 petition should his appeal to the Fourth
Circuit fail. Counsel then "duped" Way into believing that "he
would fulfill [Way's] desires."[4]

---

[4]   It is somewhat unclear whether Way was "duped" when
counsel failed to respond to Way's letter or if counsel actually
told Way that he would file the Section 2255 petition. The
unsworn memorandum accompanying the Section 2255 petition states
that counsel "vowed to movant" that he would comply with Way's

Relying on the Fourth Circuit's decision in *Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003), the government asserts that the type of attorney error Way alleges does not amount to an "extraordinary circumstance." In *Rouse*, the Fourth Circuit reaffirmed the notion that attorney error generally does not amount to an extraordinary circumstances justifying equitable tolling. *Id.* at 248-49. The court further noted that the errors of a petitioner's counsel are attributable to the petitioner; consequently, they are not "external." *Id.* at 249-50. The court reasoned that counsel's errors would not be attributable to a client if they amounted to ineffective assistance, but there can be no constitutionally ineffective assistance in the habeas context because there is no constitutional right to counsel in those proceedings. *Id.*

On its face, *Rouse* would seem to prevent Way from invoking his attorney's "dupe" as an exceptional circumstance. But after the government submitted its opposition in this case, the Supreme Court issued its decision in *Holland v. Florida*, 130 S.Ct. 2549 (2010). That decision significantly undercuts the

instructions, but there is no similar indication in the motion itself.

7

force of *Rouse*.[5]  In *Holland*, the Supreme Court reaffirmed that equitable tolling applies to AEDPA's one-year statute of limitations, and further concluded that attorney misconduct that amounts to more than a "garden variety claim" of attorney negligence can constitute a circumstance justifying equitable tolling.  *Id.* at 2562-64.  In particular, such circumstances might arise when an attorney fails to perform reasonably competent legal work, does not communicate with his client, does not implement reasonable client requests, does not keep his client informed, or otherwise abandons the client.  *Id.* at 2564.

Thus, if Way's allegations are true and his counsel ignored instructions to file a Section 2255, counsel's conduct might amount to exceptional circumstances.  Yet even if that were the case, Way has not demonstrated the requisite degree of diligence.  *Holland* did not change the standard of diligence required:  a petitioner must still demonstrate "reasonable diligence," not "maximum feasible diligence," to invoke equitable tolling.  *Holland*, 130 S.Ct. at 2565 (quotation marks

---

[5]    *Holland* addressed a state prisoner's claim for federal habeas relief under Section 2254.  The decision's reasoning, however, applies with equal force in the Section 2255 context, and the Fourth Circuit has since applied it to Section 2255 claims.  *See, e.g.*, *United States v. Terrell*, No. 10-6886, 2010 WL 5376290, at *1 (4th Cir. Dec. 21, 2010); *United States v. Oriakhi*, No. 08-8224, 394 F.App'x 976, 977-78 (4th Cir. 2010).

8

omitted) (finding reasonable diligence where petitioner wrote his attorney numerous times, contacted state courts, their clerks, and the state bar association, and filed a petition the very day he learned that the state of limitations had expired because of counsel's mistakes); *accord Lora v. United States*, No. DKC-02-4197, 2003 WL 23508099, at *2 (D.Md. Jan. 13, 2003) (applying "reasonable diligence" standard). Way has not done so here.

If one assumes that Way's allegations are true, he reached out to counsel shortly after sentencing and then waited a "lengthly [sic] period of time" before taking any further action. Way did not apparently contact the court to find out if his counsel had filed a petition for writ of certiorari or a Section 2255 petition for a long period of time. He did not reach out to his counsel and ask how the case was proceeding. Such circumstances do not evidence reasonable diligence. *See United States v. Padilla*, 478 F.Supp.2d 865, 869 (E.D.Va. 2007) ("While petitioner asserts that his attorney failed to file a direct appeal or a § 2255 motion, this alone does not demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition." (quotation marks omitted)); *see also United States v. Sells*, 391 F.App'x 700, 701

(10th Cir. 2010) ("Waiting over a year past the limitations deadline to determine whether counsel filed a motion does not support diligence."); *Anjulo-Lopez v. United States*, 541 F.3d 814, 818-19 (8th Cir. 2008) (finding counsel's alleged failure to file an appeal did not justify equitable tolling where the defendant did not demonstrate any effort to check on the status of his case).  As another district court has explained:

> Despite the supposed diligence in attempting to contact trial counsel, when these contacts went unheeded, he apparently never checked with the federal court system to find out whether an appeal had ever been filed.  A reasonably diligent person in [the defendant]'s position could and should have ascertained whether an appeal had been taken a short time after the appeal deadline had passed and well before the 18 months he maintains it took him to find this out.

*United States v. Arcoren*, 633 F.Supp.2d 752, 759 (D.S.D. 2009).

By October 12, 2004, it was public knowledge that Way's counsel had ignored Way's request to file a petition for writ of certiorari.  At least as early as September 2005, Way apparently understood that he did not have any counsel acting on his behalf, as he then moved this court to appoint him such counsel.  The order on that motion in December 2005 made clear that (1) he still would not receive counsel and (2) nothing had been filed in this case on his behalf up to that point.  Nevertheless, he waited more than 20 additional months from that order to file

10

his petition. Even if Way had somehow remained under the (incredibly) mistaken belief that his counsel was going to file a Section 2255 petition for him, a reasonably diligent petitioner would have understood at the one-year mark – October 2005 - that his counsel had failed to do so. When the one-year limitations period passed, Way simply continued to wait. He did so at his own peril, as he should have well understood, having already navigated the Section 2255 process in the prior related case.[6] He cannot now invoke equitable tolling. Therefore, AEDPA's one-year limitations period bars Way's petition.

## IV. Conclusion

For the foregoing reasons, Way's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of

---

[6] Way also states in his supporting memorandum that he did not have the ability to file a Section 2255 petition because "he lacked the knowledge of legal jurisprudence to fulfill such a task." The fact that he was previously able to file a petition belies that claim. But even if it were true, lack of knowledge is not a basis for equitable tolling. *Sosa*, 364 F.3d at 512 ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.").

appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petition is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quotation marks omitted). Way's petition does not satisfy the above standard.

A separate order will follow.

                                        /s/
                        _____
                        DEBORAH K. CHASANOW
                        United States District Judge